UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20114-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FRANK DEPIERRE a/k/a
"FRANK DUPREE,"                      **REPORT AND RECOMMENDATION**

    Defendant.
_____/

On or about 7/23/07, court-appointed defense counsel Stuart Adelstein timely submitted a voucher (No. FLS 04 2870) with appended time sheets requesting $17,667.85 for attorney's fees and costs pursuant to the Criminal Justice Act ("fee request"). Mr. Adelstein ("counsel") represented Defendant Frank DePierre a/k/a "Frank Dupree" ("Defendant" and/or "DePierre") over a period of two and one-half years (2&1/2), from 11/5/04 to 5/11/07, from Defendant being the target of the Government's investigation through his indictment, a 7-day trial, mistrial and subsequent dismissal of the charges. Since counsel's fees exceed the $7,000 statutory maximum, *18 U.S.C. §3006A(d)(2) (2000 & Supp. 2005)*, the voucher was referred to the undersigned for a Report and Recommendation as to the appropriateness of the fees requested. *28 U.S.C. Sec. 636(a); Local Magistrate Judge Rules*.

The CJA at *18 U.S.C. §3006A(d)(1)* provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable

expense or a reasonable use of billable time. *18 U.S.C. §3006A(d)(5); USA v. Griggs, 240 F.3d 974 (11th Cir. 2001).* If the recommended fee amount exceeds the statutory maximum, however, the district court must certify that the case involves "extended" or "complex" representation, and that the amount is necessary to provide counsel with fair compensation. *18 U.S.C. §3006A(d)(3).* If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex." *Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C §2.22B(3).* If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case may be considered "extended." *Id.*

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with CJA guidelines and mathematical accuracy prior to the undersigned's review. The administrator reviewed the $4,195.20 billed for 45.6 in-court hours @ $92/hour. Upon verifying the in-court time with the Court's minutes, the administrator made no changes to the compensation claimed.

The CJA administrator reviewed the 145.30 out-of-court hours billed as follows: 59.80 hours for "Interviews and Conferences"; 83.50 hours for "Obtaining and reviewing records"; and 2.0 hours for "Legal research and brief writing." The administrator corrected a miscalculation of time for "Interviews and Conferences" and recalculated the total out-of-court time billed to reflect the appropriate hourly rate for work performed prior to and after 1/1/06 when the CJA rate changed from $90/hour to $92/hour. The adjusted amount for out-of-court time is now

$13,295.80.

Counsel also billed $76 for "Travel Expenses" (parking), and $54.85 for "Other Expenses" (postage, photocopies). The administrator reduced the travel expenses to $50 for counsel's failure to submit itemized parking receipts as required.[1] No other adjustments were made.

The grand total claimed, as adjusted, is now **$17,595.85.**

### *Undersigned's Review and Recommendation*

In making this recommendation, the undersigned reviewed counsel's voucher, the time sheets submitted, and case record as it relates to counsel's representation of Defendant DePierre. This Court also considered counsel's 10/18/07 letter submitted in support of his fee request, at this Court's request.

As a matter of background, this was a highly complex fraud case arising from months of investigation by the Government and which resulted in a 27-count indictment charging nine (9) individuals with a sophisticated and aggressive scheme to defraud investors into purchasing Internet kiosks to be placed in locations throughout the country for substantial sums of money. Defendants advertised on television, the Internet, and in other media across the country, touting huge profits that could be earned by purchasing the "Pantheon" Internet kiosk business opportunity. Defendant DePierre was one of many individuals who was charged with playing a specific role in the very well developed conspiracy to defraud investors of their money and who

---

[1] The Circuit's Supplemental Instructions for Completing CJA Form 20 Vouchers at no. 3, specifically instruct that "ITEMIZED RECEIPTS, CANCELED CHECKS AND INVOICES must accompany claims for commercial copying, ... and also for any miscellaneous expense exceeding $50."

was charged with holding himself out as a "successful" Pantheon purchaser. At the time of filing the operative Superceding Indictment, the Government estimated that the trial in the case would last 20 days.

Defendant was first identified by the Government as the target of its investigation in November 2004. At that time, after Defendant received a target letter from the U.S. Attorney's Office, Magistrate Judge O'Sullivan of this Court appointed Mr. Adelstein of Adelstein and Matters, P.A. of Miami, to represent the Defendant. The representation continued through Defendant's subsequent indictment and arrest on 5/11/06 when he was charged in multiple counts with conspiracy to commit mail and wire fraud, mail fraud and wire fraud. The case went to trial with one other co-defendant on 9/5/06 and lasted seven (7) days. During the second week of trial, Defendant reportedly suffered a stroke and a mistrial was granted. Defendant was subsequently evaluated for his medical condition on two occasions and eventually the Government agreed to dismiss the indictment due to Defendant's poor health.

As for the voucher and the adjusted $13,295.80 claimed for out-of-court fees[2], I have reviewed each of the entries listed on the time sheets and the total time claimed for each of the task categories. As for the 59.3 hours for "Interviews and Conferences," this included time spent over the course of the 2&1/2 years of representation, meeting with the Defendant, other defense counsel on the case, Government's counsel regarding plea negotiations and the doctor concerning Defendant's medical condition. The 83.5 hours billed for "Obtaining and reviewing records" included time spent reviewing discovery which, as counsel explained and the record reveals [see D.E.#98], was voluminous, including "24 multi-hours of cd's" which counsel needed to

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

download, review and catalogue for trial. There were numerous transcripts of undercover recordings and as counsel described, "thousands upon thousands of pages of documents." There were also approximately 105 boxes of documents that were seized from companies associated with this fraud case which required counsel, as well as the other defense counsel on the case, to review.

In light of the case background, the complexity of the fraud scheme, the amount of discovery involved and the length of representation and duration of trial, I am satisfied that counsel documented the actual time he spent on the case and, overall, find the time billed to be very reasonable. For these same reasons, I also consider this matter to be "extended" if not "complex," justifying compensation in excess of the $7,000 statutory maximum.

## CONCLUSION

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher, I am **RECOMMENDING** that counsel be paid the **$17,595.85** adjusted claim ($4,195.20 in-court time + $13,295.80 out-of-court time + $104.85 for expenses), as fair compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1)(c), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Respectfully submitted this ____ day of November, 2007.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

cc:   *District Judge Jose E. Martinez*
      *Stuart Adelstein, Esq.*
      *Lucy Lara, CJA administrator*